398 S.E.2d 160

**Robert CRAIGO**

v.

**Carl LEGURSKY, Warden West Virginia Penitentiary.**

**No. 19728.**

Supreme Court of Appeals of West Virginia.

Oct. 4, 1990.

Michele C. Widmer, Westover, for Robert Craigo.

Roger W. Tompkins, Atty. Gen., Rita Stuart, Asst. Atty. Gen., Charleston, for Carl Legursky.

WORKMAN, Justice:

This case is before the Court upon a petition for writ of habeas corpus ad subjiciendum from an August 28, 1989 conviction for felony escape based upon petitioner's nolo contendere plea to an indictment. Petitioner now asserts that an absence from a work release and/or study release center does not constitute a crime under W.Va.Code § 62-8-1 (1959) and that he was denied his right to the assistance of counsel under the sixth amendment to the United States Constitution.[1] Based upon our review of the petition, all matters of record and the briefs of the parties concerned[2], we affirm the petitioner's conviction and deny his request for habeas corpus relief.

The facts in this case are undisputed. On April 24, 1984, petitioner was convicted of felony breaking and entering in the Circuit Court of Kanawha County and was sentenced to confinement in the West Virginia Penitentiary (hereinafter referred to as WVP) for an indeterminate term of one to ten years. Petitioner was delivered to the custody of the Warden of the Huttonsville Correctional Center (hereinafter referred to as HCC) where he was subsequently assigned and transported to the Charleston Work/Study Release Center (hereinafter referred to as CWRC).

On November 13, 1988, petitioner failed to return to CWRC from his job. The following day an escape warrant for the petitioner was obtained from a Kanawha County magistrate by an officer of the CWRC. Subsequently, the Kanawha Coun-

ty grand jury returned an indictment against petitioner for felony escape pursuant to W.Va.Code § 62-8-1.

On February 18, 1989, almost three months after his escape, petitioner was arrested by the Charleston City Police Department and was taken to jail. Petitioner pleaded guilty to an internal disciplinary charge of escape before an institutional magistrate and was returned to HCC.

Petitioner entered a nolo contendere plea to the felony escape charge on August 28, 1989, in Kanawha County Circuit Court. He was sentenced on October 18, 1989, to the WVP for an indeterminate term of not less than one nor more than five years. Petitioner was paroled from WVP to a federal detainer on July 27, 1990.

The issue before this Court is whether a convicted felon who is assigned by the Department of Corrections to a work release and/or study release center and then subsequently fails to return to the assigned center without permission or authority can be convicted of felony escape pursuant to W.Va.Code § 62-8-1. The petitioner contends that since W.Va.Code § 62-8-1 does not specifically refer to escape from a work release and/or study release center and since petitioner was in the custody of the work release center and not the penitentiary or medium security prison when he absconded, he cannot be convicted of escape. The respondent, on the other hand, argues that W.Va.Code § 62-8-1, when read in *pari materia* with W.Va.Code § 25-1-3 (1977), provides sufficient basis for the conviction of petitioner for escaping from the work release center.

West Virginia Code § 62-8-1 provides in pertinent part that "[a] convict confined in the penitentiary or medium security prison, or in the custody of an officer thereof, shall be deemed guilty of a felony if he ... shall escape from the penitentiary or medium security prison or such custody...." By including the words "or such custody" and by not exclusively limiting an escape to

---

1. Upon review of the record we find no merit to petitioner's assertion concerning ineffective assistance of counsel.

2. We have also reviewed the amicus curiae brief submitted by William C. Forbes, Prosecuting Attorney of Kanawha County, West Virginia.

only those occasions when a convict flees from the penitentiary or medium security prison, it is clear that the Legislature contemplated that this particular statute would apply when a convict absconded from the custody of a correctional officer whether or not he was in the *actual* physical confines of a prison.

Under W.Va.Code § 25–1–3 the Commissioner of Corrections is charged with the authority "to establish work and study release units as extensions and subsidiaries of those state institutions under his control and authority." Since these work and/or study release centers, while not physically enclosed by either the state penitentiary or medium security prison, are considered extensions and subsidiaries of both correctional institutions, it logically flows that when a convict is transferred to one of these centers he remains in the custody [3] of the Department of Corrections as if he were still physically in prison.

It cannot be disputed that when petitioner walked away from the work release center he was in the custody of the Department of Corrections, which had previously assigned him to the center. Petitioner had neither been released on parole nor finished serving his sentence, but rather he had merely been transferred to another unit within the Department of Corrections.

Thus, while we find the wording of W.Va.Code § 62–8–1 gives sufficient notice to a convict that if he absconds from a work release center he can be convicted of escape, we further find that when W.Va. Code § 25–1–3 is read in *pari materia* with W.Va.Code § 62–8–1, it is abundantly clear that it was the legislative intent that W.Va. Code § 62–8–1 apply to cases like the one presently before the Court. Therefore, we conclude that a convict confined in the penitentiary or medium security prison who is transferred to a work release and/or study center established pursuant to W.Va.Code § 25–1–3 remains in the custody of officers of the Department of Corrections. Conse-

quently if such convict absconds from a work release and/or study center, he shall be deemed guilty of felony escape pursuant to W.Va.Code § 62–8–1.

Based upon the foregoing opinion we conclude that petitioner's petition for writ of habeas corpus be denied.

Writ denied.

---

**3.** The term custody is defined as being "very elastic and may mean actual imprisonment or physical detention or mere power, legal or phys- ical, of imprisoning or of taking manual posses- sion." Black's Law Dictionary 347 (5th ed. 1979).